UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL SHANE WILMOTH                                              PLAINTIFF

v.                                      No. 6:15-CV-06057

SGT. GARNER; SGT. A. HEWITT;
and OFFICER BROOKS                                                 DEFENDANTS

## OPINION AND ORDER

Defendants Brooks and Hewitt have filed a motion (Doc. 55) for summary judgment and a statement of facts (Doc. 56) and brief (Doc. 57) in support of their motion. Plaintiff thereafter filed a notice of change of address. (Doc. 58). Plaintiff also filed motions to appoint counsel, for transcripts, and to compel discovery, which were denied by a previous order. Defendants Brooks and Hewitt thereafter filed an affidavit (Doc. 65) stating that the motion for summary judgment was also served on Plaintiff at his new address. Plaintiff has not responded to the motion for summary judgment, and the material facts set forth in the statement of facts (Doc. 56) are deemed admitted. W.D. Ark. R. 56.1(c). The motion will be granted. Furthermore, because Defendant Garner was never served and Plaintiff never requested an extension of time to amend his complaint to include the proper party (Doc. 52), claims against Garner will also be dismissed.

In his second amended complaint (Doc. 42), Plaintiff asserted both official and personal capacity claims against Defendants Brooks and Hewitt. As part of its order (Doc. 41) denying a motion to dismiss as moot, the Court reviewed the amended complaint and dismissed a number of Plaintiff's claims. The only claims remaining for consideration on this motion are Plaintiff's personal capacity claims against Brooks and Hewitt, which are premised on Plaintiff's allegation that he was assaulted by them in April, 2015. (Doc. 41).

The undisputed material facts are that Plaintiff was a resident at Arkansas Community

1

Correction's Omega Technical Violator Program in Malvern, Arkansas, on April 19, 2015.

Plaintiff went to Defendant Hewitt's office that day to request a yard pass. Hewitt denied

Plaintiff's request because he said it had been raining, and Plaintiff became visibly and audibly

angry to the point that he was contemplating using force. Plaintiff left the office, but returned

shortly thereafter. Plaintiff was still angry and belligerent, and raised his voice with those present

in the office. Plaintiff rejected several commands to be quiet, lost his temper, and was verbally

combative. Hewitt directed that Plaintiff be handcuffed. Plaintiff turned to the wall, and

Defendant Brooks, who was present at that time, began to handcuff Plaintiff. After one arm was

handcuffed, Plaintiff began to physically resist the restraint, ignored Hewitt's order to stop

resisting, and began to make threats. Brooks took Plaintiff to the floor and finished handcuffing

him, then escorted Plaintiff to restrictive housing. Hewitt did not touch Plaintiff until he was

already handcuffed, and then only to help Brooks escort Plaintiff to restrictive housing.

Unless Plaintiff can show that the force used against him in Hewitt's office was excessive,

judgment for Brooks and Hewitt is appropriate.

> In an Eighth Amendment excessive force case, "the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in light of the particular circumstances." *Story v. Norwood*, 659 F.3d 680, 686 (8th Cir. 2011) (quoting *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)). In making such a determination, "it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

*Smith v. Conway County, Ark.*, 759 F.3d 853, 858–59 (8th Cir. 2014).

A reasonable officer, when confronted by a detainee who is noncompliant, argumentative,

loud, and apparently on the verge of using physical force, might in good faith believe that applying

restraints to the detainee is necessary to maintain or restore discipline. When that detainee physically resists the restraints partway through the process, a reasonable officer might in good faith believe that bringing the detainee to the ground—an escalation of the force already being used—is necessary. When the detainee is finally restrained, with hands cuffed behind his back, a reasonable officer might in good faith believe that physical contact with the detainee is necessary to assist the detainee to his ultimate destination. The force used in this case was no more than that a reasonable officer might in good faith apply to maintain or restore discipline. It does not rise to a constitutional violation.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 55) is GRANTED, and this case is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 30th day of July, 2018.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE